IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RONALD ELLIOTT** | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | C.A. No.: 4:14-cv-1743 |
| | § | |
| **DRIL-QUIP, INC.** | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff Ronald Elliott and files his Original Complaint against Defendant Dril-Quip, Inc., seeking overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), and, in support thereof, would state as follows:

### A. PARTIES & CITIZENSHIP

1. Plaintiff is an individual. At the time of accrual of the claims asserted herein, Plaintiff was a citizen of the State of Texas and was employed by Defendant in the State of Texas. However, as of the filing of the instant action, Plaintiff is a citizen of the State of Arizona.

2. Defendant, Dril-Quip, Inc., is a corporation organized under the laws of the State of Delaware that does business in the Texas and maintains its principal office and principal place of business at 6401 N. Eldridge Parkway, Houston, Texas.

### B. JURISDICTION & VENUE

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1337, and under 29 U.S.C. § 216(b) for the reason that Plaintiff's claims under the

FLSA present a federal question. This Court further has jurisdiction over the subject matter of this action based on diversity of citizenship under 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. Defendant is amenable to personal jurisdiction in the State of Texas, as it does business in Texas by, among other things, hiring employees including Plaintiff. Further, Defendant is a "covered enterprise" under the FLSA because, at all times material to this complaint, Defendant employed two or more employees and had annual gross receipts of at least $500,000.00. At all times material to this complaint, Defendant was engaged in interstate commerce or, in the alternative, owned and operated a business engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce or in the production of goods for commerce and his work was directly and vitally related to the functioning of Defendant's business.

5. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division. Plaintiff performed work for Defendant in the District without receiving proper overtime compensation. In addition, Defendant maintains a place of business in this District.

## C. FACTS

6. Plaintiff worked for Defendant from more than four years prior through June 13, 2014 as a manufacturing engineer in Defendant's Manufacturing Department #275. Despite the title, Plaintiff held no professional license and had no higher education in engineering. Defendant paid Plaintiff on an hourly basis to assign parts to pre-determined fabrication routes and estimate the time required for steps in the production. Plaintiff's purported "salary" was

based on 80 working hours per two-week pay period, which is to say a stated forty- (40-)hour workweek, but Defendant did not actually pay Plaintiff on a salary basis.

7.     During Plaintiff's employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours (overtime hours).  Plaintiff and others in Defendant's Manufacturing Department #275 were presented with schedules that indicated an expected forty-five- (45-)hour workweek and a schedule for Saturday shifts once or twice a month that typically ran six (6) hours.  Despite this, Plaintiff was instructed to submit timesheets that reflected no more than 40 hours on the job.  In fact, Defendant checked Plaintiff's timesheets to see that any non-working hours were assigned to vacation or sick-leave time or were uncompensated.  Additionally, Defendant checked to see that no working hours were reflected on Saturdays.

### D. CAUSES OF ACTION

### Count 1: Violation of the Overtime Provisions of the FLSA

8.     Plaintiff adopts by reference all of the facts set forth above pursuant to Federal Rule of Civil Procedure 10(c).

9.     During Plaintiff's employment with Defendant, he was a nonexempt employee under the FLSA.  Accordingly, Defendant was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which he [was] employed" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

10.    Defendant failed to pay Plaintiff for the hours he worked over forty in a workweek at one and one-half times his regular rate.  Defendant did not pay Plaintiff at all (regular or overtime), in violation of 29 U.S.C. § 207(a)(1).

11.    If Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

12. Defendant knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Defendant willfully violated the overtime requirements of the FLSA.

### Count 2: Breach of Contract

13. Plaintiff adopts by reference all of the facts set forth above pursuant to Federal Rule of Civil Procedure 10(c).

14. Defendant hired Plaintiff to work for a certain wage based on a forty- (40-)hour workweek. Contrary to the offer of employment, Defendant required Plaintiff to work additional hours as described above.

15. All conditions precedent to Plaintiff's claim for relief have been fulfilled or satisfied. Plaintiff fully performed his obligations under his employment agreement with Defendant.

16. Defendant breached its employment agreement with Plaintiff by failing to pay him for "off the clock" hours worked.

### E. DEMAND FOR JURY TRIAL

17. Plaintiff demands a jury trial on all issues so triable.

### F. PRAYER

WHEREFORE, Plaintiff prays that, upon a final disposition hereof, that the Court grant him the following relief:

    a. Judgment against Defendant for all unpaid regular wages owed to Plaintiff under his employment agreement;

    b. Judgment against Defendant for all unpaid overtime wages owed to Plaintiff under the FLSA;

    c. Judgment against Defendant for liquidated damages in an amount equal to the unpaid overtime wages as prescribed by the FLSA;

    d. Prejudgment interest on the breach of contract damages, and, if liquidated damages are not awarded, then also on the unpaid overtime wages;

    e. All costs, recoverable expenses and reasonable attorneys' fees incurred in prosecuting this case; and

    f. Post-judgment interest at the highest rates allowed by law.

Plaintiff additionally prays that the Court grant him such other relief, at law and in equity, general and special, as may be deemed just and proper.

Dated: June 20, 2014　　　　　　　　　　Respectfully submitted,

**/s/ Troy Tindal on Jun 20, 2014**
_____
Troy Tindal
Tindal Law Firm
State Bar No. 24066198
troy@tindallawfirm.com
17225 El Camino Real, Suite 190
Houston, Texas 77058
Tel: 832-691-1519
Fax: 832-408-7579

**ATTORNEY FOR PLAINTIFF
RONALD ELLIOTT**